IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHOPLOCAL, LLC, | ) | Case No. 05-CV-06662 |
| | ) | |
| Plaintiff, | ) | Hon. Suzanne B. Conlon |
| | ) | Magistrate Judge Jeffrey Cole |
| v. | ) | |
| | ) | ECF Case |
| CAIRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Cairo, Inc., by its attorney, hereby answers the Complaint filed in this action as follows:

### Nature of the Action

1. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 1 that relate to ShopLocal LLC's ("ShopLocal") reasons for bringing this action and, on that basis, denies each such allegation. Cairo denies the remaining allegations in this paragraph.

2. Cairo admits that in paragraph 2 ShopLocal requests the Court to enjoin Cairo's conduct and order Cairo to pay damages. Cairo denies that such relief is warranted.

### The Parties

3. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 3 and, on that basis, denies each such allegation.

4. Cairo admits the allegations in paragraph 4.

### Jurisdiction and Venue

5. Cairo admits the allegations in paragraph 5.

6. Cairo denies the allegations in paragraph 6.

7. Cairo admits that the copy of ShopLocal's "Terms of Use" attached as Exhibit A to the Complaint contains the language quoted in paragraph 7. Cairo lacks sufficient knowledge to admit or deny the truth of the allegation that all of ShopLocal's "Terms of Use" contain the quoted language. Cairo denies the remaining allegations in paragraph 7.

8. Cairo admits that it operates a website that is available nationally, that its website allows users to search for local retailers by zip code in Illinois, and that its website lists retail stores in Illinois. Cairo denies the remaining allegations in paragraph 8.

9. Cairo denies the allegations in paragraph 9.

10. Cairo admits that its website is available to shoppers in the Northern District of Illinois and allows shoppers to research retail establishments in the Northern District of Illinois. Cairo denies the remaining allegations in paragraph 10.

## General Allegations

11. Cairo admits that many retailers have created their own websites. Cairo lacks sufficient knowledge to admit or deny the truth of the remaining allegations in paragraph 11 and, on that basis, denies each such allegation.

12. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 12 and, on that basis, denies each such allegation.

13. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 13 and, on that basis, denies each such allegation.

14. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 14 and, on that basis, denies each such allegation.

15. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 15 and, on that basis, denies each such allegation.

16. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 16 and, on that basis, denies each such allegation.

17. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 17 and, on that basis, denies each such allegation.

18. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 18 and, on that basis, denies each such allegation.

19. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 19 and, on that basis, denies each such allegation.

20. Cairo admits that on or about October 22, 2004, it launched a web-based business that allows shoppers to search for local sales, specials, and promotions at the website www.cairo.com. Cairo admits that it uses an automated computer program to gather and compile sales information from retailers' websites. Cairo admits that it displays retailers' sales information on its own website. Cairo admits that it provides links to retailers' online promotional material. Cairo denies the remaining allegations in paragraph 20.

21. Cairo admits that its automated computer programs gather information regarding thousands of on-sale products every week. Cairo further admits that its automated computer program uses disguised IP addresses. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 21 regarding ShopLocal's computers and, on that basis, denies each such allegation. Cairo denies the remaining allegations in paragraph 21.

22. Cairo admits that some of the webpages hosted by ShopLocal include a "robot exclusion metatag." Cairo lacks sufficient knowledge to admit or deny the truth of the allegation in paragraph 22 that all webpages hosted by ShopLocal include a "robot exclusion metatag" and,

on that basis, denies any such allegation. Cairo admits that its automated computer programs ignore the "robot exclusion metatag."

23. Cairo admits the allegations in paragraph 23.

24. Cairo admits that on or about April 1, 2005, ShopLocal's counsel sent a letter to its counsel that alleged that Cairo's conduct interfered with ShopLocal's reasonable expectation of entering into business relationships with third parties. Cairo further admits that since April 1, 2005, it has continued to gather and compile sales information from retailers' websites, has continued to provide links to retailers' online promotional material, and has increased the number of retailers from which it collects information.

25. Cairo admits that its automated computer program gathers information regarding one retailer's in-store sales from a webpage hosted on www.shoplocal.com. Cairo further admits that it provides links to online promotional material hosted on two retailers' websites. Cairo denies the remaining allegations in paragraph 25.

26. Cairo admits that the promotional materials hosted by ShopLocal change frequently. Cairo further admits that, through no fault of its own, on one occasion it displayed information regarding a sale that had expired. Cairo denies the remaining allegations in paragraph 26.

27. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 27 and, on that basis, denies each such allegation.

28. Cairo admits that it knows that ShopLocal objects to its practice of electronically gathering and compiling sales information from retailers' websites and providing links to retailers' online promotional material. Cairo denies the remaining allegations in paragraph 28.

29. Cairo admits that it receives advertising revenue from the operation of its website. Cairo lacks sufficient knowledge to admit or deny the truth of the allegation in paragraph 30 regarding its attractiveness to advertisers and, on that basis, denies each such allegation. Cairo denies the remaining allegations in paragraph 29.

30. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 30 and, on that basis, denies each such allegation.

**Count I: Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)**

31. Cairo incorporates by reference each and every answer contained in paragraphs 1 through 30 as if set forth herein.

32. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 32 and, on that basis, denies each such allegation.

33. Cairo denies the allegations in paragraph 33.

34. Cairo denies the allegations in paragraph 34.

35. Cairo denies the allegations in paragraph 35.

36. Cairo denies the allegations in paragraph 36.

37. Cairo denies the allegations in paragraph 37.

**Count 2: Breach of Contract**

38. Cairo incorporates by reference each and every answer contained in paragraphs 1 through 37 as if set forth herein.

39. Cairo denies the allegations in paragraph 39.

40. Cairo admits that it has actual notice of the presence of ShopLocal's "Terms of Use" on some of the webpages that ShopLocal alleges that it hosts; Cairo denies that that it has actual notice of the presence of ShopLocal's "Terms of Use" on all the webpages from which it gathers information.

41. Cairo denies the allegations in paragraph 41.

42. Cairo denies the allegations in paragraph 42.

43. Cairo denies the allegations in paragraph 43.

44. Cairo denies the allegations in paragraph 44.

45. Cairo denies the allegations in paragraph 45.

46. Cairo denies the allegations in paragraph 46.

47. Cairo denies the allegations in paragraph 47.

### Count III: Trespass to Chattels

48. Cairo incorporates by reference each and every answer contained in paragraphs 1 through 47 as if set forth herein.

49. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 49 and, on that basis, denies each such allegation.

50. Cairo denies the allegations in paragraph 50.

51. Cairo lacks sufficient knowledge to admit or deny the truth of the allegations in paragraph 51 and, on that basis, denies each such allegation.

52. Cairo denies the allegations in paragraph 52.

53. Cairo denies the allegations in paragraph 53.

54. Cairo denies the allegations in paragraph 54.

### Count IV: Unjust Enrichment

55. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Cairo has moved to dismiss Count IV for failure to state a claim. Accordingly, Cairo is not obligated to answer the allegations in Count IV. Fed. R. Civ. P. 12(a)(4). Should the Court deny Cairo's motion to dismiss Count IV, Cairo will timely answer the allegations therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

56.     ShopLocal's complaint fails to state a claim upon which relief may be granted against Cairo.

### Second Affirmative Defense
### (Estoppel)

57.     ShopLocal is estopped from asserting the claims alleged in the Complaint against Cairo by virtue of ShopLocal's conduct, actions, and communications.

### Third Affirmative Defense
### (Waiver)

58.     ShopLocal has waived any rights it might have to institute an action for the alleged wrongdoings of which it complains.

### Fourth Affirmative Defense
### (Laches)

59.     ShopLocal's claims are barred by laches in that ShopLocal knowingly delayed for an unreasonable time, under circumstances permitting and requiring diligence, to assert the purported causes of actions and the claims alleged in the Complaint against Cairo, to the substantial detriment and prejudice of Cairo.  Therefore, the relief prayed for in the Complaint cannot be granted.

### Fifth Affirmative Defense
### (License)

60.     The Complaint, and each cause of action contained therein, is barred in whole or in part because Cairo had an express and/or implied license to perform the acts that it allegedly performed and of which ShopLocal now complains.

## Sixth Affirmative Defense
### (Contract Void or Unenforceable)

61.     The Complaint is barred in whole or in part because the relevant portions of the "Terms of Use" alleged to be breached were void or unenforceable at the time of the alleged breaches.

## Seventh Affirmative Defense
### (Contract Against Public Policy)

62.     The Complaint is barred in whole or in part because the relevant portions of the "Terms of Use" alleged to be breached were against public policy at the time of the alleged breaches.

## Eighth Affirmative Defense
### (Contract Unconscionable)

63.     The Complaint is barred in whole or in part because the relevant portions of the "Terms of Use" alleged to be breached were unconscionable at the time of the alleged breaches.

## Eighth Affirmative Defense
### (Injunctive Relief Not Warranted)

64.     ShopLocal is not entitled to injunctive relief because any injury to ShopLocal is not immediate or irreparable, and because, assuming, *arguendo*, that ShopLocal has been injured, it would have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Cairo prays for judgment as follows:

(a)     That Plaintiff takes nothing by its Complaint and the Court dismiss the Complaint with prejudice;

(b)     That the Court award Cairo reasonable attorneys' fees;

(c)     That the Court award Cairo all costs and expenses it incurs in this action;

(d) That the Court award Cairo such other and further relief that it deems just and proper.

Dated: January 23, 2006  CAIRO, INC.

By:   /s/ Jonathan M. Cyrluk
      One of Its Attorneys

Joseph J. Duffy
Jonathan M. Cyrluk
STETLER & DUFFY, LTD.
11 South LaSalle Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 338-0200

Ragesh K. Tangri
Brook Dooley
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

9

## **CERTIFICATE OF SERVICE**

I, Jonathan M. Cyrluk, an attorney, certify that I caused a copy of the foregoing Answer to be filed by filed and served via the CM/ECF system on:

> Paul R. Garcia
> Robin A. Rademacher
> Jami A. Jarosch
> Kirkland & Ellis, LLP
> 200 East Randolph Drive
> Chicago, IL 60601

this 23rd day of January, 2006

By:    /s/ Jonathan M. Cyrluk
        One of Its Attorneys