

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHOPLOCAL LLC, )
)
Plaintiff, ) Civil Action No.: 05 C 6662
)
v. ) Suzanne B. Conlon, Judge
)
CAIRO, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

ShopLocal LLC brings a four-count complaint against Cairo, Inc., alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count I), breach of contract (Count II), Trespass to Chattels (Count III), and unjust enrichment (Count IV). Cairo moves to dismiss Count IV. For the reasons set forth below, the motion is denied.

### BACKGROUND

The following facts are derived from the complaint. The parties are competitors in Internet advertising. Compl. at ¶ 1. This case involves Cairo's alleged unauthorized use of ShopLocal's online data. *Id.* ShopLocal specializes in digitizing retail promotional materials traditionally advertised in Sunday newspapers. *Id.* at ¶¶ 11-13. ShopLocal offers a service called "SmartCircular" to retailers who desire to post their promotional materials online. *Id.* at ¶¶ 13-14. ShopLocal converts the retailers' advertising circulars into Web pages and displays the promotional materials on www.ShopLocal.com. *Id.* at ¶¶ 14-15. ShopLocal also operates the ShopLocal Network, through which third parties offer ShopLocal's materials to their own customers. *Id.* at ¶ 15. ShopLocal incurs expenses for maintaining its computers and generates revenues from

SmartCircular and the ShopLocal Network. *Id.* at ¶¶ 16-17. Subject to its "Terms of Use," ShopLocal grants all Internet users free access to its Web pages *Id.* at ¶ 18.

According to the complaint, Cairo has breached the "Terms of Use" by accessing ShopLocal's Web pages for commercial purposes. *Id.* at ¶ 20. Cairo uses an automated computer program, sometimes referred to as "scraper," to copy materials from ShopLocal's computers. *Id.* For instance, Cairo sends a scraper to ShopLocal's computers through the Internet; the scraper locates and copies promotional materials. *Id.* Upon the scraper's return, Cairo displays the copied materials on its own Web site. *Id.* In addition, Cairo directs its users to ShopLocal's Web pages by placing "deep-links" to ShopLocal's computers. *Id.*

ShopLocal claims damages for lost revenue and increased expenses as a result of Cairo's alleged breach. *Id.* at ¶ 21. In addition to its breach of contract claim, ShopLocal sues Cairo for unjust enrichment. *Id.* at ¶¶ 55-59. Cairo moves to dismiss the unjust enrichment claim pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, and dismissal of an action under the rule is warranted only if 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). On a motion to dismiss, all well-pleaded allegations are accepted as true and all reasonable inferences are drawn in favor of the nonmoving party. *Cler*, 423 F.3d at 729. To survive a motion to dismiss, a complaint "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt*, 224

F.3d at 612. All that is required is a short and plain statement giving defendant fair notice of the nature and basis of the claim. *Id.*

## II. Unjust Enrichment

Both parties' briefs assume Illinois law governs. The court applies Illinois law on substantive issues. *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, Inc.*, 39 F.3d 138, 142 n.2 (7th Cir. 1994) (because the parties did not raise a choice of law issue, the district court properly applied forum law). Procedural issues are governed by federal rules. *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997).

Under Illinois law, an unjust enrichment claim may be predicated on either contract or tort. *Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221, 1225 (Ill. App. Ct. 1st Dist. 1998). A plaintiff suing for breach of contract may bring an unjust enrichment claim predicated on tort. *Id.*; *see also Liberty Mut. Ins. Co. v. Decking & Steel, Inc.*, 301 F. Supp. 2d 830, 835 (N.D. Ill. 2004) ("unjust enrichment[] may be pursued in the presence of a written contract between the parties"). If an unjust enrichment claim is predicated on a contract, a plaintiff may not recover for both unjust enrichment and breach of contract. *People ex rel. Hartigan v. E & E Hauling*, 607 N.E.2d 165, 177 (Ill. 1992). Applying these rules, a plaintiff may sue for both breach of contract and unjust enrichment when: (1) the unjust enrichment claim is based on tort; or (2) the two claims are pled in the alternative. *See, e.g., Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, No. 03 C 9421, 2004 WL 3363844, at *4 (N.D. Ill. Dec. 28, 2004); *Asad v. Hartford Life Ins. Co.*, 116 F. Supp. 2d 960, 964 (N.D. Ill. 2000).

Cairo argues for dismissal of ShopLocal's unjust enrichment claim, relying on *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007 (7th Cir. 1985), and *AA Sales & Associates, Inc. v. JT & T Products Corp.*, 48 F. Supp. 2d 805 (N.D. Ill. 1999). Cairo's argument

ignores that ShopLocal may bring an unjust enrichment claim based on tort. In both *First Commodity* and *AA Sales*, unjust enrichment claims were based on contract. *First Commodity*, 766 F.2d at 1011 (quasi-contract); *AA Sales*, 48 F. Supp. at 807 (implied contract). Because ShopLocal brings its unjust enrichment claim under a tort theory, these cases do not apply.

Cairo moves to dismiss based on ShopLocal's failure to plead its unjust enrichment claim in the alternative. Cairo relies on six federal cases, but none concerns an unjust enrichment claim based on tort.[1] Cairo also cites *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681 (Ill. App. Ct. 1st Dist. 2005). A state court decision, however, cannot guide this court on a procedural issue. *Johnson*, 125 F.3d at 417; *see also Miller v. Affiliated Fin. Corp.*, 600 F. Supp. 987, 995 n.17 (N.D. Ill. 1984) ("[w]hat must be alleged to state a [common law] claim is governed by Illinois law, [but how] it must be alleged is governed by [the Federal Rules of Civil Procedure]"). Because ShopLocal's unjust enrichment claim is based on tort, ShopLocal need not plead this claim as an alternative to its contract claim. *See Asad*, 116 F. Supp 2d at 964. Even assuming ShopLocal is required to plead alternatively, the complaint survives a motion to dismiss. *Am. Hardware Mfrs. Ass'n*, 2004 WL 3363844, at **3-4 (denying motion to dismiss where the unjust enrichment claim incorporates contract allegations). Cairo's argument conflicts with the notice pleading standard and must be rejected. *See* Fed. R. Civ. P. 8(a); *Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("pleading is [not] a game of skill"; its purpose "is to facilitate a proper decision on the merits").

---

[1] *See Aprile Seafreight S.P.A. v. Global Freight, Inc.*, No. 05 C 4850, 2005 WL 3436407, at *2 (N.D. Ill. Dec. 12, 2005); *Sharrow Group v. Zausa Dev. Corp.*, No. 04 C 6379, 2004 WL 2806193, at *3 (N.D. Ill. Dec. 6, 2004); *Team Impressions, Inc. v. Chromas Techs. Canada, Inc.*, No. 02 C 5325, 2003 WL 355647, at *4 (N.D. Ill. Feb. 18, 2003); *Samuels v. Old Kent Bank*, No. 96 C 6667, 1997 WL 458434, at *15 (N.D. Ill. Aug. 1, 1997); *Allied Vision Group, Inc. v. RLI Prof'l Techs., Inc.*, 916 F. Supp. 778, 782 (N.D. Ill. 1996); *Gordon v. Matthew Bender & Co.*, 562 F. Supp. 1286, 1298-99 (N.D. Ill. 1983).

## CONCLUSION

For the reasons set forth above, Cairo's motion to dismiss Count IV (unjust enrichment) for failure to state a claim is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

February 27, 2006